EXHIBIT C

BEFORE THE TENNESSEE BOARD OF LAW EXAMINERS

IN RE:                                )
                                      )
MENACHEM LANGER,                      )
Applicant.                            )    Docket No. 20-18
                                      )

## SHOW CAUSE ORDER

This matter is before the Board upon application of MENACHEM LANGER, Applicant, for admission to the Tennessee Bar. It appears from the application of Mr. Langer and the record that there are questions about the applicant's character and fitness to practice law in Tennessee.

The record of Mr. Langer reveals that Applicant has an extensive history of conduct that is of concern to the Board. Applicant has failed to provide complete and accurate information concerning his past and has made misleading if not false statements about his personal history.

In response to question 29 of the background investigation application, Applicants are required to provide a copy of the associated pleadings, judgments, final orders and/or docket report for any civil matter listed. Further, Applicants are under a continuing duty to update their applications[1] if the response to any question in the application changes. For the 2012 divorce action, Mr. Langer provides a copy of his current petition for modification of the parenting plan and a notation that the original petition for divorce was granted by entry of an agreed order. Similarly, Applicant provides information regarding a lawsuit he filed against Sun Life Financial ("Sun Life") and Cookeville Regional Medical Center ("CRMC") regarding denial of disability benefits and attaches a copy of the original complaint but no other pleadings, orders, or docket reports. On January 24, 2020, Mr. Langer filed a lawsuit against BMW of North America, LLC,[2] but failed to update his application to disclose the lawsuit.

Pleadings and documentation related to Applicant's divorce and ongoing parenting plan litigation and Applicant's lawsuit against Sun Life and CRMC have been provided to the Board as part of Applicant's background investigation. The information provided is pertinent to the Applicant's character and fitness for the practice of law in Tennessee.

Applicant's divorce from Kristin Carver and the continuing litigation related to their parenting plan has been contentious and litigious. The record includes examples of

---

[1] Tennessee Supreme Court Rule 7, Sec. 3.02.
[2] Menachem Langer v. BMW of North America, LLC, U.S. District Court, Eastern District of Tennessee, case number 3:3030-CV00037.

communication that was profane, combative and sometimes threatening, and which may violate Rules of Professional Conduct[3] which an attorney is sworn to uphold and which may form the basis for a decision by this Board regarding the character and fitness of an applicant for admission. From the divorce records provided, Applicant's conduct raises concerns about how he handled himself and his lack of professionalism. Documents have been provided to the Board by Dr. Carver that the Board may use during the hearing on this Order to Show Cause.[4]

Regarding the complaint against Sun Life and CRMC, Applicant submitted a copy of the complaint with his Application for Admission in Tennessee in which Applicant avers that he became totally disabled due to complications from a severe medical condition and that Sun Life denied the claim. Other documentation related to the lawsuit against Sun Life and CRMC was provided as part of the background investigation, including copies of depositions, pleadings, and other discovery.[5] In sworn deposition testimony from Applicant taken in conjunction with his lawsuit against Sun Life and CRME, Mr. Langer reported that he is disabled from working due to "cognitive dysfunction and physical ability."[6] Applicant entered law school in 2017, which he completed in late 2019, and has passed the bar examination, both of which require mental acuity, so statements under oath that he is totally disabled from all employment is of concern to the Board.

Mr. Langer was terminated from his employment at CRMC on October 31, 2012, after a dispute arose about a substantial increase in his salary which Applicant negotiated with the chairman of the board of trustees of the hospital, who has been described as exhibiting signs of senility at the time. A settlement of the dispute was reached, which included employing Applicant until the conclusion of mediation in order to provide certain benefits. Mr. Langer did not disclose the termination on his law school application, where he lists employment with CRMC through January, 2015, but does not disclose a termination in Question 8 of his

---

[3] For example, see Tenn. Sup. Ct. R. 8, RPC – Preamble, paragraphs 6 and 10, regarding a lawyer's duty to use the law's procedures for legitimate purposes, to conform to the requirements of the law in both the lawyer's professional and personal affairs., and to maintain a professional, courteous, and civil attitude toward all parties involved in the legal system.

[4] The Board is required to make part of the record any evidence the Board desires to use during the hearing. Tenn. Sup. Ct. R. 7, Sec. 13.03(f). The Board will provide electronic copies of documents provided by Dr. Carver to Mr. Langer with this Order.

[5] Inasmuch as Applicant was a party to the complaint, his personal records or those of his attorneys, will include copies of pleadings and depositions upon which the Board may rely.

[6] Deposition of Menachem Langer, 1-27-2015, page 129 beginning line 11, Menachem Langer v. Sun Life Assurance of Canada and Cookeville Regional Medical Authority.

application. In his application for background investigation filed with the Board, he lists his position as "Executive Consultant." In the employment verification response[7] filed by CRMC, Mr. Langer's employment is confirmed, his termination is noted, and a statement was added to note that Mr. Langer did not provide any services as an "Executive Consultant." The Board is concerned with Applicant's lack of candor in disclosing his history with CRMC.

On Applicant's LinkedIn page dated June 1, 2020,[8] Applicant holds himself out as an attorney, employed as a partner in Langer Law Group since April 2020. This violates the provisions of Tenn. Sup. Ct. R. 8, RPC 5.5, as well as T.C.A. § 23-3-103, regarding unauthorized practice of law.

Taken together, Applicant's record reflects a disconcerting pattern of conduct, potential unauthorized practice of law, and a possible disregard for the duties and standards to which an attorney must adhere. The applicable standard for the character investigation of applicants for the Tennessee bar is set forth in §6.01(a) of Rule 7 of the Tennessee Supreme Court's rule for licensing of attorneys:

> An applicant shall not be admitted if in the judgment of the Board there is reasonable doubt as to that applicant's honesty, respect for the rights of others, and adherence to and obedience to the Constitution and laws of the State and Nation as to justify the conclusion that such applicant is not likely to adhere to the duties and standards of conduct imposed on attorneys in this State. Any conduct which would constitute grounds for discipline if engaged in by an attorney in this State shall be considered by the Board in making its evaluation of the character of an applicant.

The Board finds from the entire record that reasonable doubt exists that Mr. Langer is likely to adhere to the duties and standard of conduct imposed on attorneys in this state. The Board directs Applicant to show cause why this application or any future application to practice in Tennessee should not be denied on character and fitness grounds.

IT IS ORDERED that Applicant has until August 28, 2020, at 4:30 p.m., to respond in accordance with §13.01 of Tennessee Supreme Court Rule 7 on the licensing of attorneys or the application for admission will be denied.

---

[7] The National Conference of Bar Examiners completes the background investigation for the Board. Verification of employment is part of the routine investigation. A copy of the CRMC verification will be provided to Applicant with this Order.

[8] As part of the character and fitness investigation, Board staff routinely check websites such as LinkedIn. A copy of the page will be provided to Applicant with this Order.

IT IS ORDERED FURTHER, that Applicant is to report to the Tennessee Lawyer's Assistance Program ("TLAP") within 30 days of the date of this order for a fitness for duty evaluation, or such other evaluation deemed necessary by TLAP, so that the Board may evaluate Applicant in the context of the practice of law. As part of this referral, the Board is permitted to share with TLAP information from Applicant's admissions file as permitted under Tenn. Sup. Ct. R. 7, Sec. 12.11(b). Failure of Applicant to comply with TLAP recommendations or submit to examination may be sufficient cause for the Board to deny Applicant a license under Tenn. Sup. Ct. R. 7, Sec. 6.04(c) and (d).

IT IS ORDERED FURTHER that Applicant shall appear at a hearing that has been scheduled for **January 26, 2021,** at **9:00 a.m.** at a place to be determined, and which may be conducted by video conference. The Board may resolve this Order to Show Cause on the basis of Applicant's response. If the matter is resolved, Applicant will receive a notice canceling the hearing and resolving the Show Cause Order. Applicant may be represented by an attorney and may bring character witnesses to speak on Applicant's behalf if a hearing is scheduled.

As provided in Tenn. Sup. Ct. R. 7, Sec. 10.04(a)(4), Applicant's permission to practice under supervision terminates upon entry of this order. Notice of termination of your permission to practice under Sec. 10.04 will be provided to your supervising attorney.

Entered this __7th__ day of August, 2020.

**TENNESSEE BOARD OF LAW EXAMINERS**

William L. Harbison, President
Jeffrey M. Ward, Vice-President
Margaret L. Behm, Secretary-Treasurer
Robert F. Parsley
Amy M. Pepke

ATTEST:

_____
Lisa Perlen
Executive Director

Certificate of Mailing

On this _7th_ day of _August_, 2020, a certified copy of the Show Cause Order for Docket Number 20-18, MENACHEM LANGER, and copies of the documents referenced in footnotes 4, 7, and 8, were sent by email only, due to ongoing COVID-19 restrictions, to:

MENACHEM LANGER
mlangermd@gmail.com

_____
Administrative Assistant