SUPREME COURT OF TENNESSEE
BOARD OF LAW EXAMINERS

IN RE:

MENACHEM LANGER,      Docket No. 20-18

Applicant.

## SUPPLEMENTAL POST-HEARING BRIEF

The Applicant, Dr. Menachem Langer, respectfully submits this supplemental post-hearing brief to respond to emails and attached materials provided to the Board from the email account of his ex-wife, Kristin Carver Crowe, on February 10 and 11, 2021, after the hearing.[1] The emails focus on the time period in 2017 when (a) Dr. Langer's lawsuit for disability benefits had been pending for more than two years; (b) Dr. Langer was experiencing improvement in his condition following his late-2012/early-2013 relapse; and (c) Dr. Langer determined to attempt law school in lieu of indefinite disability payments. As discussed below, these things are not mutually exclusive. Dr. Langer respectfully refers the Board to the Declaration of attorney John Dupree, previously submitted, and submits additional information, as follows:

In early 2017, Dr. Langer's lawsuit seeking disability benefits had been pending for a couple years. (Dupree Decl.; Tr. 99-100). Dr. Langer determined that he had reached "a crossroads" and did not want "to be a statistic." (Tr. 99). Dr. Langer communicated with

---

[1] Dr. Langer notes the nature of the February 10 and 11 emails from his ex-wife to the Board as being similar in nature to rebuttal briefing, and would have preferred the opportunity to cross-examine his ex-wife especially given a distinct probability that the emails were drafted not by his ex-wife but instead by her husband, Daniel Crowe. *See* Tr. 19-20 for Judge Wade's comments on Mr. Crowe's character and credibility.

1

Dean/Judge Gary Wade and the Dean of Admissions, Rady Mathews, in the late spring or early summer, and decided to seek admission. (Tr. 28, 100).

Dr. Langer's ex-wife has asserted that taking the LSAT in 2017 was inconsistent with the claims in Dr. Langer's ongoing disability lawsuit. It was never a foregone conclusion that Dr. Langer could pass the LSAT. He took the exam in June 2017, and scored only in the 24th percentile. (**Ex. A**, LSAT Score Email). For an individual who had previously obtained an M.D. and an M.B.A., this low score is evidence that Dr. Langer continued to suffer disabling effects of his relapse. This score was no guarantee that Dr. Langer could successfully make it through law school.

Dr. Langer was formally admitted to law school on July 18, 2017. (**Ex. B**, Acceptance Email). It was only at this point that Dr. Langer could say with certainty that his relapse was not going to prevent him from attempting law school. Although he still could not say whether the effects of his relapse might prevent him from completing law school, he nevertheless instructed his attorney to settle and discontinue the lawsuit. (Dupree Decl.). He matriculated and was sworn into his law school class less than three weeks later, on August 7, 2017.

It should be noted that "disabled" under the Sun Life policy would mean "disabled from employment as CEO of a hospital." It is impossible to determine whether being sufficiently recovered to score in the 24th percentile on the LSAT and gain admission to law school necessarily implies no longer being disabled from employment as a hospital CEO. Within days of his matriculation, Dr. Langer's wife was able to testify under oath that Dr. Langer was still disabled. It is respectfully submitted that merely gaining admission to law school with low test scores is <u>not</u> evidence of ability to function as a hospital CEO – the two standards are distinct and unrelated. It is known to this Board that merely gaining admission to law school –

particularly with low test scores – is not evidence of the ability to successfully pass the remaining hurdles to become an attorney.

In fact, by spring of 2018 it was apparent that Dr. Langer needed help to overcome the continuing effects of his relapse. Dr. Langer submitted to the law school information concerning his condition, including a letter from his neurologist, Dr. Sadiq. (**Ex. C,** Sadiq Letter). The school reviewed the materials and granted Dr. Langer an accommodation during exams for his slowed cognitive processing. (**Ex D,** LMU Accommodation).

The result was success. Dr. Langer was an individual with three prior degrees, who had been disabled by a relapse of his multiple sclerosis. He recovered to the point that he could score (only) in the 24th percentile on the LSAT, yet had the gumption to reject disability benefits and attempt law school despite ongoing disabling effects. He started law school without any accommodations for his condition, and asked for an accommodation only when it became clear that he needed it. The result of his hard work was that he is remembered by Dean Wade as a "solid student," and is considered to be an attorney that the Dean would "be pleased to have" represent him in a case. (Tr. 18).

The story of Dr. Langer's experience and efforts in 2017 is not a story of an individual taking inconsistent positions. It is a story of a highly intelligent man, debilitated to the 24th percentile by a relapse of a cruel disease, nevertheless having the commitment and courage to try and pursue a career rather than sit back and accept disability benefits. His success in doing so should be credited to him, and the fact that he overcame a disability should not be held against him as "inconsistent."

## CONCLUSION

Based upon the foregoing, the materials submitted to the Board, and the evidence presented at the hearing, it is respectfully requested that Dr. Langer satisfies all of the requirements for admission to the bar and should be admitted.

Respectfully submitted,

_____
Gregory Brown [BPR # 027944]
LOWE YEAGER & BROWN PLLC
900 S Gay St Ste 2102
Knoxville, TN 37902
(865) 521-6527
*Attorney for Applicant*

4817-0125-6926, v. 1


  

**LSAC SCORE**  7/5/17
To: mlangermd@gmail.com

## Your June 2017 LSAT Score

Please do not reply to this email.  E-mail sent to this address cannot be answered.  Please contact us with your comments, questions, or concerns at LSACinfo@LSAC.org.  Please provide your LSAC account number in all correspondence.

Dear Menachem Langer,

LSAC account number:    L 37113916

Your June 2017 LSAT score is 144.  The percentile rank is 24.

This is your unofficial score report.

A copy of your LSAT Score Report will be available under the LSAT tab in the LSAT Status section of your LSAC online account at www.lsac.org.  Other test

   

Found in Important Mailbox

**Carroll, Patricia** 🔗      July 18, 2017 at 8:27 AM
Acceptance Form(s) Received, LMU Law
To: mlangermd@gmail.com

Menachem,

Your **acceptance forms** were received. CONGRATULATIONS!!! We are excited to have you join us this fall! As you prepare to come to school, we encourage you to take care of the items listed below, that apply, as soon as possible. **Please set-up your LM student account as soon as possible and check your LMU email account often, important information will be sent to that email by various school departments.**

**Instructions for Setting Up Your Student Account, Email, Direct Deposit for Financial Aid Refunds and Accepting/Declining Financial Aid** myLMU in the University's portal to your student account. Login instructions for accessing your student email, establishing direct deposit for finan aid refunds/disbursements and accepting/declining financial aid awards are attached. Please be aware that it may take the University's registration system between 24-48 business hours to transition your account once we change your file status has changed from prospective applicant to student.

**Seat Deposit**
**If you would like to pay your seat deposit online, you must first set-up your student account,** a separate email link was sent to either the email listed on your application or your new LMU student email. You may also pay your seat deposit over the phone by credit card by calling the Univers Cashiers Office at (423) 869-6202 to pay.

**Transcripts**
Please make sure LSAC's Credential Assembly Service has an official transcript from each institution you attended. At least one transcript must sho an awarded bachelor degree and the award date. If you will graduate this coming May, June, or August, you will need to send a final official transcr to the LSAC indicating the award of a bachelor's degree. If the LSAC already possesses all of your transcripts and you have not taken any additional classes since you submitted them, then you do not need to resubmit your transcripts. **If at least one transcript does not indicate the award of a bachelor's degree and date, then you will not be allowed to start in the fall.** Please do not wait to make your request! You do not need to send transcripts to our office. They should be sent to the Credential Assembly Service.
**If you will graduate in August, then you should ask your university or college registrar to write us a letter informing us of your anticipated degree conferral date. You cannot attend classes until the day after degree is awarded.**

**FAFSA and Financial Aid**
If you plan to use financial aid for the **2017-2018** academic year, then you must complete three things: 1) the Free Application for Federal Student A (FAFSA); 2) Entrance Counseling; and 3) Master Promissory Note (MPN). The Office of Financial Aid cannot determine your eligibility or package your award your FAFSA information has been received from the United States Department of Education.
The Office of Financial Aid is located on our main campus in Harrogate, Tennessee. The federal school code for all programs at LMU is **003502**.
The Office of Financial Aid will begin packaging financial aid awards for students who have accepted offers of admission sometime in late Spring or early Summer. Again, it cannot access your information or determine



Saud A. Sadiq, MD, FAAN
Director

CLINICAL
Raheela Ashfuddin, R.T., BS
Angela Albuquerque, BA
Deneb Bates, ND
Lisa Dabney, MD
Miriam Davidson, RN, BSN
Athanasia Giannakus, RN, BSN
Mary Gleason, RN, OCN
Stephen Kanter, PT, DPT
Jessica Keaney RN, BSN
Stacey Ketcham, RN, BSN
Mary Klein, RN, CNS
Yadira LaMazza, MSW
Beth Levine, RN, BSN
Whitney Mallis, RN
James McKee, RN
Samantha McKillip, RN, BSN
Martha Nkanseh, RN
Emily Penn, LMSW
Daliana Romero, RN, BSN
Maha Salameh, R.T., MS
Gabriel Sara, MD
Rusudan Siriya-Gleyzer, R.T., MD
James Stark, MD
Andrew Sylvester, MD
Jaclyn Trezza, RN, BSN
Jamie Weinstein, RN, BSN
Shelly White, LMSW
Armistead Williams III, MD
Elizabeth Woods, PT, DPT
Sarah Yarmosky, RN, BSN
Allan Zapanta, CNA

RESEARCH
Zerina Bulic, BA
Massimiliano Cristofanilli, PhD
Antara Finney-Stable, BS
Violaine Harris, PhD
Jessie Huang, BS
Jeffrey Jian, BS
Gloria Joo, BA
Lena Josephs, BA
Nathan Kung, BA
Allison Liang, BS
Jerry Lin, BA
Fozia Mir, PhD
Jaclyn Murphy, MS
John Tuddenham, BA
Tamara Vyshkina, PhD
Boxun Xiu, MS
Valentina Stafanova, M
Jamie Wong, PhD
Shayna Zanker, BS

ADMINISTRATION
Meaghan Browne, BS
Yelena Buryun, BS
Margaret Calarco
Gina Curovic
Rachel DeWitt, BA
Barbara Goldberg, MBA
Carmen Gonzalez
Galina Gurovich, BA
Leslie Hannan, BA
Ashley Hovoy, BA
Nyika Hollis
Jill Hughes
Tammy Jordan, BS
Pamela Levin, RN, BA
Mary Mathews, CPC
Draga Mickovic
Alexandra Moffat, BA
Ariana Nowicki, AA
Amanda Oppenheimer, CPA
Erica Peskin, BA
Kristyn Rosetty, BS
Sharmilee Roy, MBBS
Sherly Sylvia, BA
Theresa Waddy

# INTERNATIONAL MULTIPLE SCLEROSIS
## Management Practice

521 West 57th Street, 4th Floor, New York, NY 10019 ■ Tel: 212-265-8070 Fax: 212-265-8194

March 1, 2018

Re: Menachem Langer

Dear Professor Graves,

Menachem Langer is a patient under my care for the treatment of multiple sclerosis (MS) since July 2009. Dr. Langer is currently on treatment of a monthly infusion of Tysabri and Neurontin, which he takes daily. His symptoms include cognitive dysfunction which impacts his concentration and processing speed.

To be the most successful in achieving his goal of obtaining his JD, it would be beneficial for Dr. Langer to have additional time to take his exams. Please allow for time and a half on exams.

If you have any further questions please do not hesitate to contact my office.

Sincerely,

Saud A. Sadiq, M.D.

# Lincoln Memorial University
Cumberland Gap Parkway—Harrogate, TN 37752
423-869-6531
Academic Affairs
Accessible Education Services
Faculty Accommodation Form

Student Name: **Menachem Langer**　　　　　　　　　　Student ID: **0343535**

In accordance with the Americans with Disabilities Act, the following student has presented documentation of a specific disability. The accommodations below are needed for this student. This information is CONFIDENTIAL and should be discussed privately between you and the student. To insure ADA mandated confidentiality, please do not discuss/refer to a student's disability in front of others. If you have any questions regarding the accommodations listed on this form, please contact the Office of Accessible Education Services at 423-869-6531. Thank you for your assistance!

**Testing Accommodations(s):**
- X Time & half
- X Quiet, Separate Room
- o Spell-Check Utility
- o Oral Test
- o Scribe
- o Calculator
- o Computer
- o Testing with Reduced distraction: (No more than four other students in room)
- o Other:

**Classroom Accommodation(s):**
- o Note Taker
- o Audio Recorder
- o Other
- o Calculator
- o Copies of Overhead/Power Point
- o More time to copy overheads
- (if not copyrighted)
- o Other:

**Semester Schedule**
O Fall　　　　X Spring 2018　　　　O Summer

| Course | Section | Instructor's Signature | Provider of Accommodations |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

*The instructor's signature is needed in order to verify that the student has made you aware of the accommodation that they will need throughout the semester.*

This form must be returned to the ADA Director's office to be effective. Faculty accommodations must be completed each semester to receive services. It is the students' responsibility to talk with faculty to decide how accommodations will be met. (i.e. who will conduct testing, what time and location).

By signing below, I understand that the Office of Accessible Education Services may discuss my particular accommodation with faculty member(s) and/or appropriate University official(s) for the purpose of implementing specific services.

Student Signature: _____　　Date: 3-6-2018

ADA Director Signature _____　　Date: 3.6.2018