**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE**

---

**JOHN DOE,**

        **Plaintiff,**

                                              **Civil Action No. 3:22-cv-138-TRM-JEM**

**v.**

**TENNESSEE BOARD OF
LAW EXAMINERS,**                       **JURY DEMANDED**
**TENNESSEE SUPREME
COURT,**

        **Defendants.**

---

## MOTION TO SEAL PREVIOUSLY FILED DOCUMENTS

---

Pursuant to E.D. Tenn. LR 26.2 and this Court's *Memorandum and Order Regarding Sealing Confidential Information*, Plaintiff John Doe ("Doe") respectfully moves this Court to allow Doe to seal **Exhibits A-H (PageID ## 16-118)**, which were filed with the Complaint on April 18, 2022. In support of this Motion, Doe states:

1. Doe is proceeding under a pseudonym in the Complaint to protect his character and fitness results from public disclosure and because of his reasonable fear of harm and retaliation in relation to obtaining his law license in Tennessee.

2. **Exhibits A-H** to the Complaint include the Interviewer's Report from his character and fitness interview for his bar application; his subsequent letter to the Board of Law Examiners regarding the conduct in his character and fitness interview; the Show Cause Order from the Tennessee Board of Law Examiners; the Multidisciplinary Comprehensive Assessment Program Report; Doe's Response to the Show Cause Order; briefing related

to Doe's Hearing on the Show Cause Order; and the Order Resolving the Show Cause Order.

3. **Exhibits A-H** describe, in detail, Doe's physical health information, as well as accusations regarding his character, fitness for the practice of law, and personal life. These exhibits also contain his name, personal address, and confidential health information that, if public, will lead to embarrassment and a reasonable fear of retaliation.

4. Doe's identifying information is woven throughout **Exhibits A-H** and cannot be effectively redacted without obscuring the content of the documents.

5. Courts consider several factors in determining whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings, including: "whether the plaintiffs seeking anonymity are suing to challenge governmental activity." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). The defendants in this case are governmental entities.

6. Sealing **Exhibits A-H** is an appropriate content-based exception to the right of access to court proceedings because of the privacy rights of Doe implicated by the documents. See generally *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983) ("Under the common law, content-based exceptions to the right of access have been developed to protect competing interests. In addition to the defendant's right to a fair trial, these interests include certain privacy rights of participants or third parties, trade secrets and national security.").

7. Based on the above, Doe requests this Court seal **Exhibits A-H** of the Complaint.

Respectfully Submitted,

/s/ Gregory Brown

| | |
|---|---|
| Gregory Brown | BPR #027944 |
| G. Alan Rawls | BPR #038300 |
| Colleen Conboy | BPR #038711 |

LOWE YEAGER & BROWN PLLC
Riverview Tower, Suite 2102
900 S. Gay Street
Knoxville, Tennessee  37902
Phone:(865) 521-6527
Fax:(865) 637-0540
gb@lyblaw.net
gar@lyblaw.net
ctgc@lyblaw.net
***Counsel for Doe***

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing document was served by first class mail upon each party at the following addresses, this 23rd day of May, 2022:

Tennessee Board of Law Examiners
511 Union Street, Suite 525
Nashville, TN 37219

Tennessee Supreme Court
401 7th Ave N
Nashville, TN 37219

/s/ Gregory Brown

Gregory Brown