UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:22-CV-138-TRM-JEM |
| ) | |
| TENNESSEE BOARD OF LAW ) | |
| EXAMINERS, and ) | |
| TENNESSEE SUPREME COURT, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion to Seal Previously Filed Documents [Doc. 9]. Plaintiff seeks leave to place Exhibits A–H to the Complaint [Docs. 1-1, 1-2, 1-3, 1-4, 1-5, 1-6, 1-7 & 1-8][1] under seal. For grounds, Plaintiff states that he[2] is proceeding under a pseudonym to protect his character and fitness results from public disclosure and because of his reasonable fear of harm and retaliation in relation to obtaining his law license in Tennessee. Plaintiff submits that Exhibits A–H describe accusations regarding his character, fitness for the practice of law, and his personal life. In addition, Plaintiff avers that Exhibits A–H contain his name, personal address,

---

[1] Plaintiff filed the Complaint on April 18, 2022, and Plaintiff filed the motion to seal attachments to the Complaint on May 23, 2022. After reviewing Plaintiff's motion, the Court instructed the Clerk's office to place Exhibits A–H to the Complaint under seal pending a ruling on Plaintiff's motion.

[2] Because Plaintiff uses the masculine pronoun in the motion, the Court does the same.

and confidential health information that, if public, will lead to embarrassment and a reasonable fear of retaliation. Plaintiff states that courts consider several factors in determining whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings, including whether plaintiff is seeking to challenge governmental authority. Plaintiff submits that Defendants in this case are governmental entities.

Rule 10(a) of the Federal Rules of Civil Procedure states, "The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to the other parties." The Sixth Circuit has explained, "It is a general rule that a complaint *must* state the names of the parties." *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005) (citing Fed. Rule Civ. P. 10(a)). A plaintiff who wishes to proceed under a pseudonym must "file[] a protective order that allows him or her to proceed under a pseudonym." *Id.* "Failure to seek permission to proceed under a pseudonym is fatal to an anonymous plaintiff's case, because . . . 'federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them.'" *Id.* at 637 (quoting *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989)).

Plaintiff seeks to seal Exhibits A–H that are attached to his Complaint primarily because he is proceeding under a pseudonym and the exhibits contain identifying information. Plaintiff, however, has not sought permission to proceed under a pseudonym. Accordingly, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Seal Previously Filed Documents and **DIRECTS** the Clerk's Office to **DELETE** Exhibits A–H [**Docs. 1-1, 1-2, 1-3, 1-4, 1-5, 1-6, 1-7 & 1-8**]. *See* ECF Rules & Procedures 12.2 ("If the motion is denied, the clerk's office will delete the document."). Plaintiff may refile his motion if he believes there are other bases for filing Exhibits A–H under seal or if Plaintiff is granted leave to proceed anonymously. Should Plaintiff

2

Case 3:22-cv-00138-TRM-JEM   Document 12   Filed 06/02/22   Page 2 of 3   PageID #: 153

refile his motion to seal, the motion shall comply with the Court's Memorandum and Order Regarding Sealing Confidential Information ("Order") [Doc. 7] that sets forth the standard and procedure for filing material under seal.

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge