UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:22-CV-138-TRM-JEM |
| | ) | |
| TENNESSEE BOARD OF LAW | ) | |
| EXAMINERS, and | ) | |
| TENNESSEE SUPREME COURT, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion for Leave to Proceed Under Pseudonym and for Protective Order [Doc. 18]. Plaintiff requests leave to proceed under a pseudonym pursuant to Rules 5.2, 10, and 26 of the Federal Rules of Civil Procedure. According to Plaintiff, the Sixth Circuit allows parties to proceed under pseudonyms where "privacy interests substantially outweigh the presumption of open judicial proceedings" [*Id.* at 1 (quoting *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004))].[1] He asserts that is the case here. Defendants have not responded to the motion. For the reasons explained below, the Court **DENIES** Plaintiff's motion [**Doc. 18**].

---

[1] The Court notes that Plaintiff's exhibits to his Complaint have been deleted from CM/ECF [Doc. 12]. Plaintiff filed his Complaint as "John Doe," including the exhibits, on April 18, 2022 [Doc. 1]. On May 23, 2022, Plaintiff moved to seal the previously filed exhibits because the exhibits contained identifying information [Doc. 9]. Plaintiff, however, did not seek leave to proceed under a pseudonym, so the Court denied his motion to seal without prejudice and deleted the exhibits pursuant to ECF Rule & Procedure 12.2 [Doc. 12].

## I. ANALYSIS

Under the Federal Rules of Civil Procedure, "[t]he title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to the other parties." Fed. R. Civ. P. 10(a). In other words, "[i]t is a general rule that a complaint *must* state the names of the parties." *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005) (citing Fed. Rule Civ. P. 10(a)). A plaintiff who wishes to protect his identity, however, must ordinarily "file[] a protective order that allows him or her to proceed under a pseudonym." *Id.* (citation omitted); *see also* Fed. R. Civ. P. 5.2(e) (explaining that for good cause shown, the court may enter a protective order that "require[s] redaction of additional information"); Fed. R. Civ. P. 26(c) (explaining that the movant must establish good cause for a protective order).

In deciding whether to allow a party to proceed using a pseudonym, the Court must "determine whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe*, 370 F.3d at 560. The Sixth Circuit has articulated the following relevant factors a court may consider in making this determination:

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information of the utmost intimacy; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Id.* Another consideration is whether "defendants are being forced to proceed with insufficient information to present their arguments against the plaintiff's case." *Id.*; *see also Malibu Media, LLC v. Doe*, No. 1:14-CV-493, 2015 WL 268995, at *5 (S.D. Ohio Jan. 21, 2015) (citation

2

omitted). Parties desiring to proceed using a pseudonym have a "heavy burden." *Doe v. The Univ. of Akron*, No. 5:15-CV-2309, 2016 WL 4520512, at *5 (N.D. Ohio Feb. 3, 2016) (citing *Doe v. Warren Cnty.*, No. 1:12-CV-789, 2013 WL 684423, at *3 (S.D. Ohio Feb. 25, 2013)).

Plaintiff submits there is no prejudice to Defendants by allowing him to proceed using a pseudonym because they know his identity. Given that Defendants know Plaintiff's identity and have not responded to the motion, the Court finds that they are not being forced to proceed with insufficient information to present their arguments. The Court, however, has examined the remaining factors set out above and finds that Plaintiff's privacy interests do not outweigh the presumption of open judicial proceedings in this case. The litigation does not compel Plaintiff to disclose an intention to violate the law, and Plaintiff is not a child.

With respect to whether Plaintiff is challenging a governmental activity, Plaintiff has named governmental entities as defendants in this case and is challenging "the application of the governmental process by which law licenses are granted in the State of Tennessee" [Doc. 18 p. 2]. Plaintiff asserts that he reasonably fears harm and retaliation in relation to obtaining his law license in Tennessee. With respect to whether the prosecution of this lawsuit will compel Plaintiff to disclose information of the utmost privacy, Plaintiff asserts that the litigation reveals information of the utmost intimacy, including his mental and physical health in confidential records, accusations against his character, and his acrimonious divorce. Plaintiff seeks to protect his name from public disclosure for fear of embarrassment and harm to his reputation in the community.

The Court finds that Plaintiff has not advanced sufficient facts to support allowing him to proceed under a pseudonym. Plaintiff states in his Complaint that the nature of this action is for disability discrimination [*see* Doc. 1 ¶¶ 1–2], but "Plaintiff has not advanced any facts or

3

circumstances that distinguish [this] case from routine discrimination cases alleging the same or similar medical conditions that plaintiff claims, nor has [Plaintiff] indicated why the confidentiality of [Plaintiff's] medical information cannot be maintained through a standard protective order." *See Doe v. The Univ. of Akron*, No. 5:15-CV-2309, 2016 WL 4520512, at *4 (N.D. Ohio Feb. 3, 2016). Plaintiff also states that this lawsuit reveals accusations regarding his character and his acrimonious divorce, but he likewise fails to explain how these subjects involve information of the utmost privacy that cannot be protected through a protective order. Several courts have explained that information of the utmost privacy concern "matters of a sensitive and highly personal nature, such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families." *G.E.G. v. Shinseki*, No. 1:10-CV-1124, 2012 WL 381589, at *2 (W.D. Mich. Feb. 6, 2012) (quoting *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712–13 (5th Cir. 1979)). The subjects Plaintiff sets forth in his motion do not fall within any of those identified categories. Indeed, a plaintiff's character may be litigated in the context of a civil lawsuit, and divorces are often matters of public record. *See, e.g.*, *Am. Addiction Centers, Inc. v. Nat'l Ass'n of Addiction Treatment Providers*, 515 F. Supp. 3d 820, 843 n.17 (M.D. Tenn. 2021) ("The basis for a claim of defamation is that the defamation has resulted in an injury to the person's character and reputation." (citation omitted)); *In re Estate of Thompson*, 636 S.W.3d 1, 24 n.19 (Tenn. Ct. App. 2021) (expressing the concern that, if the court allowed certain records to remain under seal, "few divorces would ever be public in Tennessee"). Plaintiff fears embarrassment and harm to his reputation in the community and fears harm and retaliation in relation to obtaining his law license in Tennessee if he were not allowed to proceed using a pseudonym. While understandably asserted, the Court finds that generalized and unspecific fears

4

are not sufficient to establish his heavy burden. *See Doe v. Ky. Cmty. & Tech. Coll. Sys.*, No. CV 20-6-DLB, 2020 WL 998809, at *3 (E.D. Ky. Mar. 2, 2020) (finding the plaintiff's general allegations of harm speculative); *Doe v. Franklin Cnty.*, No. 2:13-CV-00503, 2013 WL 5311466, at *4 (S.D. Ohio Sept. 20, 2013) (finding generalized and unspecific fears of ridicule not sufficient "to rebut the general rule that parties to litigation should proceed under their real name"); *see also Karl v. Bizar*, No. 2:09-CV-34, 2009 WL 3644115, at *3 (S.D. Ohio Oct. 28, 2009) ("[H]arm to one's reputation or injury to one's standing in the community does not warrant a deviation from the strong presumption of public access" (citations omitted)).

Plaintiff relies on two cases to support his request to proceed anonymously: *Doe v. Louisiana State University*, No. CV 20-379-BAJ-SDJ, 2020 WL 6493768, at *2 (M.D. La. June 30, 2020), and *Doe v. Colgate University*, No. 515CV1069LEKDEP, 2016 WL 1448829, at *1 (N.D.N.Y. Apr. 12, 2016). These cases, however, are inapposite. *Louisiana State University* involved a university's decision to discipline the plaintiff following an investigation of sexual misconduct. 2020 WL 6493768, at *1. The court allowed the plaintiff to proceed using a pseudonym because the plaintiff challenged a governmental authority, the suit involved disclosure of intimate details between the plaintiff and another student, the complaint arose from an allegation that the plaintiff committed a serious offense, and there was no prejudice to defendants because they knew the plaintiff's and the other student's identity. *Id*. The court also found that such cases had been "a target for increased media attention" and that "courts repeatedly allowed plaintiffs to proceed under a pseudonym." *Id*. at *2. Similarly, *Doe v. Colgate University* involved a university's decision to suspend plaintiff following an investigation of sexual misconduct. 2016 WL 1448829, at *1. The plaintiff requested to proceed using a pseudonym "given the highly

5

sensitive and personal nature of the litigation and the fact that revealing his identity makes him vulnerable to retaliation." *Id.* at *3. After balancing numerous factors, the court concluded "that particularly in the context of investigating allegations of sexual assault on college campuses, it is imperative that the rights of all parties involved be thoroughly protected in order to properly adjudicate these claims." *Id.* at *4.

Plaintiff points the Court to no case that involves circumstances similar to those presented here, and the Court notes that such cases seem to proceed in the plaintiff's name, not under a pseudonym. *See, e.g.*, *Campbell v. Greisberger*, 80 F.3d 703 (2nd Cir. 1996) (involving allegations that the plaintiff, an applicant for bar admission, was discriminated against based upon disability), *abrogated by*, *Green v. Mattingly*, 585 F.3d 97 (2nd Cir. 2009); *Edwards v. Ill. Bd. of Admissions to Bar*, 261 F.3d 723 (7th Cir. 2001) (same). Accordingly, after considering the above factors, the Court finds that Plaintiff has not met his burden in establishing that his privacy interests substantially outweigh the presumption of open records. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 306 (6th Cir. 2016) (explaining that the court has an independent obligation to determine whether privacy interests substantially outweigh the presumption of open records).

## II. CONCLUSION

For the reasons explained above, the Court **DENIES** Plaintiff's Motion for Leave to Proceed Under Pseudonym and for Protective Order [**Doc. 18**]. Plaintiff **SHALL** file an amended Complaint containing his full name **within ten (10) days** of this Order.

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge