IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MENACHEM LANGER,<br><br>    *Plaintiff*,<br><br>v.<br><br>TENNESSEE BOARD OF LAW EXAMINERS, and TENNESSEE SUPREME COURT,<br><br>    *Defendants*. | Civil Action No. 3:22-cv-138<br><br>JURY DEMANDED |

## RESPONSE TO MOTION TO DISMISS

Plaintiff Menachem Langer ("Langer"), by and through undersigned counsel, responds to the Motion to Dismiss filed by the Tennessee Board of Law Examiners ("TBLE") and the Tennessee Supreme Court ("TSC") (collectively, the "Defendants"). Defendants' motion should be denied because Defendants' *Rooker-Feldman* and Eleventh Amendment arguments are moot in light of the Amended Complaint. In support hereof, Langer shows as follows:

## PROCEDURAL BACKGROUND

The Complaint in this matter was filed on April 18, 2022. *See* (ECF Doc. 1). The Complaint initially requested relief for Langer based on the TBLE's treatment of him in his application process to the Tennessee Bar, and was filed under a pseudonym to protect his identity. *See id.* On June 7, 2022, Defendants filed a Motion to Dismiss arguing that this Court lacked subject matter jurisdiction over the Complaint on the basis that it was barred by the *Rooker-Feldman* doctrine and the Eleventh Amendment. *See* (ECF Doc. 14). On June 10, 2022, Langer filed a Motion for Extension of Time, which was granted, and a Motion for Leave to Proceed Under a Pseudonym. *See* (ECF Doc. 18; Doc. 19). The Motion for Leave was denied

1

by Memorandum and Order of the Court on July 25, 2022, which ordered Langer to "file an amended Complaint containing his full name within ten (10) days of this Order." *See* (ECF Doc. 28). Langer filed his Amended Complaint on August 4, 2022. *See* (ECF Doc. 31). In addition to using his full name, the Amended Complaint also revised the requested damages to remove monetary damages and request strictly prospective relief. *Id.*

## LEGAL STANDARD

On a motion to dismiss for failure to state a claim, a court "must construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*citing Twombly*, 550 U.S. at 555).

For a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) due to the Rooker-Feldman doctrine, a challenge can be either a facial or a factual attack. *Tubbs v. Long*, 2022 U.S. Dist. LEXIS 29588 at *7 (M.D. Tenn. 2022). Where the abstention argument springs from the complaint itself, the court may construe it as a facial attack. *Id.* (*quoting Kings v. CitiMortgage, Inc.*, No. 2:10-cv-01044, 2011 U.S. Dist. LEXIS 79722, 2011 WL 2970915, *5 (S.D. Ohio July 20, 2011)).

2

# ARGUMENT

I. **In light of the amendments to the Complaint, this Court's jurisdiction is proper and the *Rooker-Feldman* doctrine no longer applies.**

On August 4, 2022, an Amended Complaint was filed in this matter, which seeks prospective relief for Langer. *See* (ECF Doc. 31). The Amended Complaint cured any issues which might subject Plaintiff's claims to the *Rooker-Feldman* doctrine and deprive this Court of subject matter jurisdiction over Langer's claims.

Specifically, the Amended Complaint challenges the Defendants' unconstitutionally and/or impermissibly vague "fitness to practice law" standard in Tennessee Supreme Court Rule 7, Section 6.01, and its discriminatory application against individuals like Langer. *See id*. at ¶¶ 67-74. The Amended Complaint calls out the Defendants' construction of the vague "fitness to practice law" standard as discriminatory under the ADA, and identifies how its construction has prevented Langer and other similarly situated applicants from admission to the Tennessee Bar. *See id.* at ¶ 72. The relief requested in the Amended Complaint is a declaration from this Court that the character and fitness standard in Tennessee Supreme Court Rule 7, Section 6.01, specifically, the phrase "fitness to practice law," is unconstitutionally and/or impermissibly vague. *See id.* at ¶ 92.

The *Rooker-Feldman* doctrine bars district courts from conducting appellate review of final, state court judgments, "because 28 U.S.C. § 1257 vests sole jurisdiction to review such claims in the Supreme Court." *Vanderkodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020).[1]

---

[1] According to current jurisprudence, a state court judgment for the purposes of this case includes bar-admissions decisions. *See Blanton v. United States*, 94 F.3d 227 (6th Cir. 1996). It will be Plaintiff's contention in this lawsuit that the holding in *Blanton* should be modified.

The *Feldman* decision, one of two cases on which the doctrine is based, held specifically that district courts lacked subject matter jurisdiction over a complaint to the extent that a bar applicant sought review of a state court's denial of a petition related to bar admission. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). However, the Court distinguished between district court reviews of a state court decision, and a district court evaluating a general attack on the constitutionality of bar admission rules, finding the district courts did not lack jurisdiction in the latter instance. *Id*. at 485 (*quoting Doe v. Pringle*, 550 F.2d 596 (10th Cir. 1976) ("while federal courts do exercise jurisdiction over many constitutional claims which attack the state's power to license attorneys involving challenges to either the rule-making authority or the administration of the rules, . . . such is not true where review of a state court's adjudication of a particular application is sought.")). The Supreme Court held, "United States district courts, therefore, have subject-matter jurisdiction over general challenges to state bar rules, promulgated by state courts in nonjudicial proceedings, which do not require review of a final state-court judgment in a particular case." *Id*. at 487.

While the original Complaint requested the type of relief potentially barred by *Rooker-Feldman*, the Amended Complaint seeks relief for an unconstitutionally and/or impermissibly vague bar admission criterion in the character and fitness exam. Langer is no longer challenging a law's application to a particular state case but is generally challenging the constitutionality and application of the state law applied in the state action, to prevent the same discrimination the next time he applies to be licensed in Tennessee. *Raymond v. Moyer*, 501 F.3d 548, 551 (6th Cir. 2007) ("Notably, the Rooker-Feldman doctrine does not prohibit federal district courts from exercising jurisdiction where the plaintiff's claim is merely a general challenge to the constitutionality of the state law applied in the state action, rather than a challenge to the law's application in a particular

state case.") (cleaned up). Therefore, Defendants' argument that Langer's claims are barred by *Rooker-Feldman* is now moot.

> II. **Sovereign immunity is not applicable here, because Langer is not seeking monetary relief against the State of Tennessee.**

The Eleventh Amendment bars suits for damages or injunctive relief against state actors, but Eleventh Amendment "immunity does not preclude issuance of prospective injunctive relief where such relief is premised upon [a] federal constitutional violation and not upon state law." *Tate v. Frey*, 735 F.2d 986 (6th Cir. 1984); *see also Cicchini v. Blackwell*, 127 Fed. Appx. 187 (6th Cir. 2005). In *Ex Parte Young*, the Supreme Court carved out an exception to claims against state officials in their official capacities. *Saqr v. Univ. of Cincinnati*, 2020 U.S. Dist. LEXIS 163394 at *20 (S.D. Ohio 2020) (*citing Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908)). To trigger the exception, two elements must be met: "the plaintiff's action must seek prospective relief that ends a continuing violation of federal law. And, second, the defendant-state officials must have 'some connection' to that ongoing violation." *Saqr*, 2020 U.S. Dist. LEXIS 163394 at *20.

In *Doe v. Supreme Court of Ky.*, 482 F. Supp. 3d 571, 584 (W.D. Ky 2020), the District Court in the Western District of Kentucky analyzed how an individual may challenge the constitutionality of the bar application process, and concluded that: "The answer is that a plaintiff could sue for prospective relief—a declaration that the questions violate federal law and an injunction prohibiting the Bar Bureaucracy from asking them. To have standing, the plaintiff would need to be a bar applicant. . . ." *Id*. at 584.

Langer's Amended Complaint does not seek monetary damages. It seeks a declaration from this Court that the character and fitness standard in Tennessee Supreme Court Rule 7, Section 6.01, specifically, the phrase "fitness to practice law," is unconstitutionally and/or

5

impermissibly vague. This prospective relief is intended to remedy the discriminatory conduct of the Defendants against him and others similarly situated. That is, Langer seeks relief to ensure that, in the future, the Defendants cannot seize upon the vague "fitness to practice law" criterion to exclude or otherwise discriminate against applicants with disabilities. Because Langer's Amended Complaint requests only prospective relief, the Defendants' argument that his claims are precluded by the Eleventh Amendment is moot.

## CONCLUSION

For the reasons stated above, this Court should deny Defendants' Motion to Dismiss.

Respectfully submitted this 10th day of August, 2022.

    /s/ Gregory Brown
Gregory Brown    BPR #027944
G. Alan Rawls    BPR #038300
Colleen Conboy    BPR #038711
LOWE YEAGER & BROWN PLLC
Riverview Tower, Suite 2102
900 S. Gay Street
Knoxville, Tennessee 37902
Phone:(865) 521-6527
Fax:(865) 637-0540
gb@lyblaw.net
gar@lyblaw.net
ctgc@lyblaw.net
**Counsel for Plaintiff**

## **CERTIFICATE OF SERVICE**

       I hereby certify that on the 10th day of August, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt including, but not limited to, those identified below. Parties may access this filing through the Court's electronic filing system.

    Stephanie A. Bergmeyer (BPR #027096)
    Jeffrey B. Cadle (BPR #037037)
    Office of Tennessee Attorney General
    315 Deaderick Street
    Nashville, TN 37243
    (615) 741-6828
    Stephanie.Bergmeyer@ag.tn.gov
    Jeffrey.Cadle@ag.tn.gov
    *Counsel for Defendants*

                                            /s/ Gregory Brown